FILED

2009 JAN 23 PM 4:42

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2008 Grand Jury

CR-09 00067

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR No. 09-_____ |
| | ) | |
| Plaintiff, | ) | I N D I C T M E N T |
| | ) | |
| v. | ) | [18 U.S.C. § 371: Conspiracy; |
| | ) | 18 U.S.C. § 2320(a): |
| YONGCAI LI, | ) | Trafficking In Counterfeit |
| aka "Micheal Lee," | ) | Goods; 18 U.S.C. § 2320(a): |
| aka "Wu Hai Tao," | ) | Attempted Trafficking In |
| dba "Gaoyi Tech," | ) | Counterfeit Goods] |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

The Grand Jury charges:

                    INTRODUCTION

    1.   At all times relevant to this Indictment:

         a.   Cisco Systems Inc. ("Cisco") was a company that
manufactured and sold computer hardware with an emphasis on
hardware that permitted computers to network to other computers.

         b.   The United States Patent and Trademark Office
("USPTO") had registered on its principal register a number of
trademarks for Cisco.  These trademarks included:

///

WLH:WLH

i.   Trademark number 1,542,339 registered the word mark "CISCO" for use in connection with computer hardware for interconnecting local area networks;

ii.  Trademark number 1,996,957 registered the word mark "CISCO SYSTEMS" for use in connection with computer hardware and software for interconnecting, managing, and operating local and wide area networks;

iii. Trademark number 2,232,700 registered the following combined design and word mark:



for use in connection with computer hardware and software for interconnecting, managing, and operating local and wide area networks;

iv.  Trademark number 2,959,329 registered the following combined design and word mark:



for use in connection with computer hardware and software for distribution, manipulation, and retrieval of video, data, and sound over computer networks.

c.    All of these trademarks were in use at all times relevant to this Indictment.

d.    A counterfeit mark was: (a) a spurious mark that was used in connection with trafficking in goods; (b) that was identical with, or substantially indistinguishable from, a mark registered for those goods or services on the principal register in the USPTO and in use, whether or not the defendant knew such mark was so registered; and (c) the use of which was likely to cause confusion, to cause mistake, or to deceive.

e.    A counterfeit Cisco product was an item of computer hardware bearing one or more counterfeit marks, to wit, marks identical with or substantially indistinguishable from one or more of the above-described trademarks registered by Cisco.

f.    Defendant Yongcai Li, also known as ("aka") "Micheal Lee," aka "Wu Hai Tao," doing business as "Gaoyi Tech," (hereinafter "defendant LI") was a citizen and resident of the People's Republic of China ("China").

3

COUNT ONE

[18 U.S.C. § 371]

2.    The Grand Jury repeats and realleges paragraph 1 of the Indictment, including all subparagraphs, as if fully set forth herein.

I.    OBJECT OF THE CONSPIRACY

3.    Beginning on or before May 23, 2005, and continuing through on or about October 31, 2006, in Los Angeles, Orange, and Riverside Counties, within the Central District of California, and elsewhere, defendant LI, together with others known and unknown to the Grand Jury, knowingly combined, conspired, and agreed to traffic in goods bearing counterfeit Cisco trademarks in violation of Title 18, United States Code, Section 2320(a).

II.    MANNER AND MEANS BY WHICH THE OBJECT OF THE CONSPIRACY
      WAS TO BE ACCOMPLISHED

4.    The object of the conspiracy was carried out, and was to be carried out, in substance, as follows:

        a.    Uncharged co-conspirators in the United States ordered counterfeit Cisco products from defendant LI.

        b.    Defendant LI would procure the counterfeit Cisco products in China.

        c.    Defendant LI would cause counterfeit Cisco products to be shipped from China to the United States.

        d.    Uncharged co-conspirators would wire payment to LI's bank account in China.

III.    OVERT ACTS

5.    In furtherance of the conspiracy, and to accomplish its object, defendant LI, together with others known and unknown to

the Grand Jury, committed and willfully caused others to commit
the following overt acts, among others, in the Central District
of California and elsewhere:

Overt Act No. 1:    On or about May 23, 2005, defendant LI
sold counterfeit Cisco products.

Overt Act No. 2:    On or about May 31, 2005, defendant LI
sold counterfeit Cisco products.

Overt Act No. 3:    On or about June 10, 2005, defendant LI
sold counterfeit Cisco products.

Overt Act No. 4:    On or about July 18, 2005, defendant LI
caused counterfeit Cisco products to be sent to the United
States.

Overt Act No. 5:    On or about January 17, 2006, defendant
LI sent an e-mail to an unindicted co-conspirator depicting a
counterfeit Cisco product that defendant LI wished to sell.

Overt Act No. 6:    On or about February 20, 2006, defendant
LI sent an e-mail to an unindicted co-conspirator regarding
counterfeit Cisco products being seized by United States Customs.

Overt Act No. 7:    On or about February 21, 2006, defendant
LI sold counterfeit Cisco products.

Overt Act No. 8:    On or about April 21, 2006, defendant LI
sent an e-mail to an unindicted co-conspirator regarding testing
of counterfeit Cisco products.

Overt Act No. 9:    On or about April 24, 2006, defendant LI
sent an e-mail to an unindicted co-conspirator regarding Cisco
products and the term "networking plug."

5

1    <u>Overt Act No. 10</u>:    On or about September 5, 2006, defendant

2  LI sent an e-mail to an unindicted co-conspirator regarding

3  tracking numbers for counterfeit Cisco products.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COUNTS TWO THROUGH NINE

[18 U.S.C. § 2320(a)]

6.    The Grand Jury repeats and realleges paragraph 1 of the Indictment, including all subparagraphs, as if fully set forth herein.

7.    On or about the dates set forth below, in Los Angeles and Orange Counties, within the Central District of California, and elsewhere, defendant LI, together with others known and unknown to the Grand Jury, did intentionally traffic in counterfeit goods, to wit, computer hardware, and knowingly used on and in connection with such goods counterfeit marks of Cisco, namely, spurious marks identical to and substantially indistinguishable from genuine marks in use and registered for use in connection with those goods as numbers 1,542,339, 1,996,957, 2,232,700, and 2,959,329 on the principal register in the USPTO, and the use of which marks was likely to cause confusion, to cause mistake, and to deceive.

| COUNT: | DATE: |
| --- | --- |
| TWO | January 14, 2006 |
| THREE | January 24, 2006 |
| FOUR | January 27, 2006 |
| FIVE | February 1, 2006 |
| SIX | February 8, 2006 |
| SEVEN | February 14, 2006 |
| EIGHT | February 23, 2006 |
| NINE | May 3, 2008 |

COUNT TEN

[18 U.S.C. § 2320(a)]

8.   The Grand Jury repeats and realleges paragraph 1 of the Indictment, including all subparagraphs, as if fully set forth herein.

9.   On or about July 18, 2005, in Riverside County, within the Central District of California, and elsewhere, defendant LI, together with others known and unknown to the Grand Jury, did intentionally attempt to traffic in counterfeit goods, to wit, computer hardware, and knowingly used on and in connection with such goods counterfeit marks of Cisco, namely, spurious marks identical to and substantially indistinguishable from genuine marks in use and registered for use in connection with those goods as numbers 1,542,339, 1,996,957, 2,232,700, and 2,959,329 on the principal register in the USPTO, and the use of which

///
///
///
///
///
///
///
///
///
///
///
///
///

8

1 | marks was likely to cause confusion, to cause mistake, and to

2 | deceive.

3

4 |                              A TRUE BILL

5 |                              _____/s/_____

6 |                              Foreperson

7

8 | THOMAS P. O'BRIEN
  | United States Attorney

9 | *Christine C Ewell*

10 | CHRISTINE C. EWELL
   | Assistant United States Attorney
11 | Chief, Criminal Division

12 | WESLEY L. HSU
   | Assistant United States Attorney
13 | Chief, Cyber and Intellectual
   | Property Crimes Section
14

15 | ERIK M. SILBER
   | Assistant United States Attorney
16 | Cyber and Intellectual
   | Property Crimes Section
17

18

19

20

21

22

23

24

25

26

27

28