```
 1  THOMAS P. O'BRIEN
    United States Attorney
 2  CHRISTINE C. EWELL
    Assistant United States Attorney
 3  Chief, Criminal Division
    WESLEY L. HSU (Cal. Bar No. 188015)
 4  Assistant United States Attorney
    Chief, Cyber and Intellectual
 5  Property Crimes Section
         1200 United States Courthouse
 6       312 North Spring Street
         Los Angeles, California 90012
 7       Telephone: (213) 894-3045
         Facsimile: (213) 894-8601
 8       e-mail:  wesley.hsu@usdoj.gov

 9  Attorneys for Plaintiff
    UNITED STATES OF AMERICA
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | No. CR 09-67-SJO |
|---|---|---|
| Plaintiff, | ) | <u>GOVERNMENT'S NOTICE OF MOTION AND MOTION TO ADMIT EVIDENCE OF OTHER TRAFFICKING OF COUNTERFEIT GOODS BY DEFENDANT PURSUANT TO FEDERAL RULE OF EVIDENCE 404(B)</u> |
| v. | ) | |
| YONGCAI LI,  aka "Micheal Lee,"  aka "Wu Hai Tao,"  dba "Gaoyi Tech," | ) | Hrg. Date:   Mar. 16, 2009  Time:        10:00 a.m. |
| Defendant. | ) | [Trial March 17, 2009] |

TO DEFENDANT AND HIS COUNSEL OF RECORD, RICHARD GOLDMAN, DEPUTY FEDERAL PUBLIC DEFENDER, PLEASE TAKE NOTICE THAT on March 16, 2009 at 10:00 a.m. or as soon thereafter as the matter may be heard in Courtroom 880 of 255 E. Temple Street, Los Angeles, CA 90012, the Honorable S. James Otero presiding, plaintiff United States of America, by and through its counsel of record Assistant United States Attorney Wesley L. Hsu, will move and hereby does move for an order <u>in limine</u> to admit certain evidence at trial

pursuant to Federal Rule of Evidence 404(b).  Specifically, the government seeks by this Motion for an order in limine permitting the admission at trial of evidence of approximately 30 additional, uncharged shipments of counterfeit Cisco products to prove identity, knowledge, intent and lack of mistake.

This motion is based on upon the attached memorandum of points and authorities with exhibit, the files and records of this case, and any additional evidence or argument the Court may wish to consider.

DATE: Feb. 23, 2009          Respectfully submitted,

                             THOMAS P. O'BRIEN
                             United States Attorney

                             CHRISTINE C. EWELL
                             Assistant United States Attorney
                             Chief, Criminal Division


                             _____/s/_____
                             WESLEY L. HSU
                             Assistant United States Attorney
                             Chief, Cyber and Intellectual
                             Property Crimes Section

                             Attorneys for Plaintiff
                             UNITED STATES OF AMERICA

**I.**

**INTRODUCTION**

Defendant Yongcai Li ("defendant") is charged in the indictment with a number of violations stemming from his trafficking in counterfeit Cisco products. Specifically, the first count charges defendant with conspiracy, in violation of 18 U.S.C. § 371, to traffic in counterfeit Cisco products beginning in May 2005. Counts Two through Nine charge defendant with violations of 18 U.S.C. § 2320(a) for his sale and subsequent importation into the United States of counterfeit Cisco computer networking equipment from 2006 to 2008. Count Ten charges defendant with an attempted importation in July 2005 of counterfeit Cisco computer networking equipment in violation of 18 U.S.C. § 2320(a). The equipment at issue in Count Ten was seized by Customs and Border Protection ("CBP"). At all times relevant to the indictment, defendant was in the People's Republic of China corresponding with his customers in the United States by electronic communications.

This motion involves the approximately 30 <u>other</u> seizures in 2005 by CBP of counterfeit Cisco products sent to the United States by defendant and his Chinese company, Shenzhen Gaoyi Technology, Inc. (CBP records of these shipments have been disclosed to defense counsel). The government now seeks to permit the CBP witness to testify and present summary documentation at trial as to the existence of these additional, uncharged shipments to prove defendant's identity, knowledge, intent and lack of mistake

**II.**

**ARGUMENT**

The fact that defendant had approximately 30 other shipments of counterfeit Cisco products seized by CBP during his conspiracy and prior to the substantive counts in the indictment is extremely probative of defendant's identity as the Chinese importer of the counterfeit Cisco products, knowledge that his products were counterfeit and his intent to traffic in counterfeit goods. All are elements of the offenses that the government must prove, so the evidence of defendant's additional attempted trafficking in counterfeit goods should be admitted pursuant to Federal Rule of Evidence 404(b).[1] There is no unfair prejudice to defendant from this evidence as it is similar in kind to the crimes charged in the indictment.

A.   ADDITIONAL TRAFFICKING IN COUNTERFEIT CISCO PRODUCTS BY DEFENDANT DURING THE LIFETIME OF HIS CRIMINAL CONDUCT MEETS THE CRITERIA FOR ADMISSIBILITY SET FORTH IN FEDERAL RULE OF EVIDENCE 404(B)

Rule 404(b) provides, in pertinent part:

---

[1] In addition, this evidence is admissible as inextricably intertwined with the charged conduct, particularly the seized importations that were destined for the customers who are charged in the indictment.

2

> Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . .

Rule 404(b) is a rule of inclusion, and the district court has wide discretion to decide whether to admit the evidence. United States v. Blitz, 151 F.3d 1002, 1007 (9th Cir. 1998).

The Ninth Circuit has developed a four-part test for determining the admissibility of Rule 404(b) evidence: (1) the evidence is submitted to prove a material issue; (2) the criminal conduct must, in some cases, be similar to the offense charged; (3) there must be sufficient evidence that the defendant committed the other acts; and (4) the criminal conduct must not be too remote in time from the commission of the crime charged. Blitz, 151 F.3d at 1008; United States v. Ayers, 924 F.2d 1468, 1473 (9th Cir. 1991). The evidence sought to be admitted in this motion satisfies each of the criteria set forth above.

1. Additional Seizures Are Extremely Probative of Defendant's Identity, Knowledge and Intent

First, evidence of additional attempted trafficking in counterfeit goods during defendant's criminal scheme will be introduced to prove identity, knowledge of counterfeit, intent and absence of mistake or accident. Because the evidence offered by the government tends to establish an element of the offenses charged, knowledge and intent, the first criterion of Rule 404(b)

is satisfied. Specifically, the existence of these other counterfeit products from defendant's company will corroborate the anticipated cooperator testimony that they dealt with defendant and his company when purchasing their counterfeit Cisco products (indeed, the government intends to introduce evidence of statements by defendant relating to Customs seizures of his products). The number of seizures tends to demonstrate his intent to traffic in counterfeit goods and the lack of mistake in doing so. The time period of the seizures (before and during the charged offenses) is strong evidence of his knowledge of the counterfeit nature of his products.

In <u>Huddleston v. United States</u>, 485 U.S. 681, 685 (1988), the Supreme Court noted that "[e]xtrinsic acts evidence may be critical to the establishment of the truth as to a disputed issue, especially when that issue involves the actor's state of mind and the only means of ascertaining that mental state is by drawing inferences from conduct." Even when a defendant does not present any evidence to dispute intent or knowledge, the government must establish those facts beyond a reasonable doubt. <u>Accord</u> <u>United States v. Jones</u>, 982 F.2d 380, 382 (9th Cir. 1993); <u>United States v. Hadley</u>, 918 F.2d 848, 852 (9th Cir. 1990). Accordingly, evidence of additional trafficking in counterfeit goods by defendant is admissible to prove the essential elements of identity of defendant, knowledge of counterfeit, and intent to traffic in counterfeit.

  2. <u>The Conduct in This Case Is Virtually Identical to the Charged Conduct</u>

Second, as for similarity, the CBP seizures from 2005 are identical to the charged conduct; they all involve the trafficking of counterfeit Cisco computer products. Even if the government were required to establish similarity where the proffered evidence tends to prove knowledge and intent, which it is not, see United States v. Mayans, 17 F.3d 1174, 1181-82 (9th Cir. 1994) (when the government's theory of admission is based on knowledge, the other acts need not be similar, provided that there is "a logical connection between the knowledge gained as a result of the commission of the prior act and the knowledge at issue in the charged act"), similarity is obviously present.

### 3. There Is Sufficient Evidence To Find Defendant Was Responsible For The 2005 Importations

Third, there is sufficient evidence to support a finding that defendant committed the acts alleged. As noted by the Court in Huddleston, 485 U.S. at 689, the only preliminary finding a trial court need make with respect to this element is that a jury could reasonably conclude that "the act occurred and that the defendant was the actor." Here, there is ample evidence. A number of the shipments were by defendant's company, Shenzhen Gaoyi Technology.[2] Others were sent by a company related to Gaoyi Tech, and those shipments were sent for the most part to companies also attempting to receive counterfeit Cisco products from Gaoyi Tech. This prong of Huddleston is met as well.

---

[2] The government's anticipated evidence at trial will include defendant's Gaoyi Tech business card, wire transfers for Gaoyi Tech that went to defendant in his name, and statements by defendant that Gaoyi Tech is his company.

    4.   <u>The Shipments Which Occurred In 2005 Are Not Remote in Time Because They Occurred Either Just Before Or During The Charged Conduct</u>

Finally, defendant's other acts occurred essentially contemporaneously with the crimes charged.  The indictment in this case begins with overt acts in May 2005 and has charges throughout 2006.  As the 2005 seizures are contemporaneous to the crimes charged, these "other acts" are not remote in time from the crime charged.  <u>See, e.g.</u>, <u>United States v. Johnson</u>, 132 F.3d 1279, 1282 (9th Cir. 1997) (act 13 years prior to crime not too remote).

In a case where defendant is charged with trafficking counterfeit Cisco products, offering evidence of other trafficking in counterfeit software is highly probative.  Such evidence is therefore admissible pursuant to Rule 404(b).  The government seeks to admit this evidence not to prove propensity but to prove the elements of knowledge and intent.

B.   THE PROBATIVE VALUE OF THE ADDITIONAL COUNTERFEIT SOFTWARE OUTWEIGHS ANY UNFAIR PREJUDICE TO THE DEFENDANT

Evidence admitted pursuant to Rule 404(b) is, of course, subject to Federal Rule of Evidence 403, which requires that the district court engage in balancing the probative value of the evidence with its prejudicial effect:  "The determination must be made whether the danger of undue prejudice outweighs the probative value of the evidence in view of the availability of other means of proof and other factors appropriate for making decisions of this kind under Rule 403."  Fed. R. Evid. 404(b),

advisory committee's note; <u>United States v. Arambula-Ruiz</u>, 987 F.2d 599, 604 (9th Cir. 1993).  Under this rule, the evidence is not to be excluded unless the probative value of the prior bad acts is "<u>substantially outweighed</u>" by the danger of unfair prejudice.  Fed. R. Evid. 403 (emphasis added); <u>Blitz</u>, 151 F.3d at 1009.

With respect to Rule 404(b), the Ninth Circuit has repeatedly held that Rule 404(b) is a "rule of inclusion" pursuant to which evidence of other crimes or acts is admissible, "except where it tends to prove <u>only</u> criminal disposition." <u>Ayers</u>, 924 F.2d at 1472-73 (quoting <u>United States v. Rocha</u>, 553 F.2d 615, 616 (9th Cir. 1977)) (emphasis in original).  The Ninth Circuit has also held that evidence falling within the parameters of Rule 404(b) can be excluded by a trial court only in those cases where the potential for unfair prejudice <u>substantially</u> outweighs the probative value of the evidence.  <u>Blitz</u>, 151 F.3d at 1009; <u>United States v. Skillman</u>, 922 F.2d 1370, 1374 (9th Cir. 1990).

The test is not whether the evidence would simply be prejudicial.  In order for Rule 404(b) or 609 evidence to be ruled inadmissible, the evidence must be <u>unfairly</u> prejudicial. As the court noted in <u>United States v. Parker</u>, 549 F.2d 1217, 1222 (9th Cir. 1991), other bad act evidence "is not rendered inadmissible because it is of a highly prejudicial nature . . . . The best evidence often is."  <u>See also</u> <u>United States v. Simas</u>, 937 F.2d 459, 464 (9th Cir. 1991) (damaging and prejudicial testimony of prior thefts by a defendant charged with mail fraud

admissible under Rule 404(b) because severe prejudice to the defendant was not "<u>unfair</u> prejudice") (emphasis in original).

Only evidence that "has an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one" is considered "unfairly" prejudicial. <u>Skillman</u>, 922 F.2d at 1374 (quoting Advisory Committee Notes to Rule 403). In the context of Rule 404(b) evidence, "unfair prejudice" thus means that the jury might use the other acts evidence to establish defendant's propensity to commit the crime with which he is charged, a basis explicitly excluded by Rule 404(b). However, the Advisory Committee Note goes on to state that unfair prejudice resulting from the introduction of Rule 404(b) evidence can be cured by an instruction that the jury should consider the evidence only for the purpose for which it is introduced. <u>Huddleston</u>, 485 U.S. at 691-92; <u>United States v. Boise</u>, 916 F.2d 497, 501 (9th Cir. 1991).

The evidence proffered by the government in this motion is hardly more prejudicial than the charged conduct. Indeed, it is evidence of the same conduct. The items of evidence are not the type of other acts likely to cause "unfair" and "substantial" prejudice to defendant. Thus, they are admissible. If the Court deems it appropriate, the government would also stipulate to a jury instruction, to be given at the time of introducing this evidence, that this evidence be considered only as to proving defendant's identity, knowledge, intent and lack of mistake.

**III.**

**CONCLUSION**

Based upon the foregoing, the government respectfully requests an order in limine that the evidence of additional CBP seizures of counterfeit Cisco products is admissible at trial.