GEORGE S. CARDONA
Acting United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
WESLEY L. HSU (CA Bar No. 188015)
ERIK M. SILBER (CA Bar No. 190534)
Assistant United States Attorneys
Cyber and Intellectual Property Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-3045/2231
     Facsimile: (213) 894-8601
     email:    Wesley.Hsu@usdoj.gov
               Erik.Silber@usdoj.gov

Attorney for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR No. 09-67-SJO |
| Plaintiff, | ) PLEA AGREEMENT FOR DEFENDANT YONGCAI LI |
| v. | ) |
| YONGCAI LI, | ) |
| Defendant. | ) |

1. This constitutes the plea agreement between YONGCAI LI ("defendant") and the United States Attorney's Office for the Central District of California ("the USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities.

## PLEA TO INDICTMENT

2. Defendant agrees to plead guilty to count nine of the indictment in <u>United States v. Yongcai Li</u>, CR No. 09-67-SJO.

## NATURE OF THE OFFENSE

3. In order for defendant to be guilty of count nine of the indictment, which charges a violation of Title 18, United States Code, Section 2320(a), the following must be true: (1) defendant trafficked or attempted to traffic in goods; (2) such trafficking, or attempt to traffic, was intentional; (3) the defendant used a counterfeit mark on or in connection with such goods; and (4) defendant knew the mark so used was counterfeit. For purposes of this statute, a counterfeit mark is a spurious mark (a) that is used in connection with trafficking in goods or services; (b) that is identical with, or substantially indistinguishable from, a mark registered for those goods or services on the principal register in the United States Patent and Trademark Office and in use, whether or not the defendant knew such mark was registered; and (c) the use of which is likely to cause confusion, to cause mistake, or to deceive. Defendant admits that defendant is, in fact, guilty of this offense as described in count nine of the indictment.

## PENALTIES AND RESTITUTION

4. The statutory maximum sentence that the Court can impose for each violation of Title 18, United States Code, Section 2320(a) is: 10 years imprisonment; a 3-year period of supervised release; a fine of $2,000,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

5.  Supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if he violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

6.  Defendant also understands that, by pleading guilty, he may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury.

7.  Defendant further understands that the conviction in this case may subject defendant to various collateral consequences, including but not limited to, deportation, revocation of probation, parole, or supervised release in another case, and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

8.  Defendant understands, and agrees not to contest, that the Court will likely also order destruction of all the counterfeit goods described in paragraph 10 below, pursuant to 18 U.S.C. § 2320(b).

9.  Defendant understands that defendant will be required to pay full restitution to the victim of the offense:  Cisco Systems Inc.  Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the amount of

1  restitution is not restricted to the amounts alleged in the count
2  to which defendant is pleading guilty and may include losses
3  arising from charges not prosecuted pursuant to this agreement as
4  well as all relevant conduct in connection with those charges.
5  The parties currently believe that this number is at least
6  $790,683.85, but recognize and agree that this amount could
7  change based on facts that come to the attention of the parties
8  prior to sentencing.  Defendant further agrees that defendant
9  will not seek the discharge of any restitution obligation, in
10 whole or in part, in any present or future bankruptcy proceeding.

                              FACTUAL BASIS

        10.  Defendant and the USAO agree and stipulate to the
statement of facts provided below.  This statement of facts
includes facts sufficient to support a plea of guilty to the
charges described in this agreement and to establish the
sentencing guideline factors set forth in paragraph 14 below.  It
is not meant to be a complete recitation of all facts relevant to
the underlying criminal conduct or all facts known to defendant
that relate to that conduct.

        At all times relevant herein, Cisco Systems Inc.
   ("Cisco") used a number of trademarks.  Cisco
   registered these trademarks for use in connection with
   computer networking equipment and devices on the
   principal register of the United States Patent and
   Trademark Office.  These trademarks had registration
   numbers 1,542,339 ("CISCO"), 1,996,957 ("CISCO
   SYSTEMS"), 1,999,660 (combined design and word mark
   with Cisco Systems and a bridge logo), 2,232,700

                                  4

1  (combined design and word mark with Cisco Systems and a
2  bridge logo), and 2,959,329 (combined design and word
3  mark with Cisco Systems and a bridge logo)
4  (collectively, the "Cisco marks").
5     On or about May 3, 2008, defendant trafficked in
6  computer networking equipment bearing spurious
7  trademarks identical to and substantially
8  indistinguishable from the Cisco trademarks.
9  Specifically, defendant procured counterfeit Cisco
10 products for a customer in the United States.
11 Defendant caused those products to be shipped to the
12 United States for commercial advantage, in that he was
13 seeking further business from that customer.  Defendant
14 knew the trademarks on the counterfeit Cisco products
15 were counterfeit.  He also knew that the use of the
16 spurious trademarks in connection with the computer
17 networking equipment was not authorized by Cisco and
18 was likely to cause confusion, to cause mistake, and to
19 deceive.  The use of those marks was, in fact, likely
20 to cause confusion, mistake, or to deceive.

21                  WAIVER OF CONSTITUTIONAL RIGHTS
22    11.   By pleading guilty, defendant gives up the following
23 rights:
24        a) The right to persist in a plea of not guilty.
25        b) The right to a speedy and public trial by jury.
26        c) The right to the assistance of legal counsel at
27 trial, including the right to have the Court appoint counsel for
28 defendant for the purpose of representation at trial.  (In this

1  regard, defendant understands that, despite his plea of guilty,
2  he retains the right to be represented by counsel - and, if
3  necessary, to have the court appoint counsel if defendant cannot
4  afford counsel - at every other stage of the proceedings.)
5              d)   The right to be presumed innocent and to have the
6  burden of proof placed on the government to prove defendant
7  guilty beyond a reasonable doubt.
8              e)   The right to confront and cross-examine witnesses
9  against defendant.
10             f)   The right, if defendant wished, to testify on
11 defendant's own behalf and present evidence in opposition to the
12 charges, including the right to call witnesses and to subpoena
13 those witnesses to testify.
14             g) The right not to be compelled to testify, and, if
15 defendant chose not to testify or present evidence, to have that
16 choice not be used against defendant.
17      By pleading guilty, defendant also gives up any and all
18 rights to pursue any affirmative defenses, Fourth Amendment or
19 Fifth Amendment claims, and other pretrial motions that have been
20 filed or could be filed.

                            WAIVER OF DNA TESTING

22      12.  Defendant has been advised that the government has in
23 its possession the following items of physical evidence that
24 could be subjected to DNA testing: the counterfeit Cisco products
25 sold by Gaoyi and seized by federal law enforcement.  Defendant
26 understands that the government does not intend to conduct DNA
27 testing of any of these items and does not intend to conduct any
28 further DNA testing of those items or any other items.  Defendant

                                    6

understands that, before entering guilty plea pursuant to this agreement, defendant could request DNA testing of evidence in this case. Defendant further understands that, with respect to the offense to which defendant is pleading guilty pursuant to this agreement, defendant would have the right to request DNA testing of evidence after conviction under the conditions specified in 18 U.S.C. § 3600. Knowing and understanding defendant's right to request DNA testing, defendant knowingly and voluntarily gives up that right with respect to both the specific items listed above and any other items of evidence there may be in this case that might be amenable to DNA testing. Defendant understands and acknowledges that by giving up this right, defendant is giving up any ability to request DNA testing of evidence in this case in the current proceeding, in any proceeding after conviction under 18 U.S.C. § 3600, and in any other proceeding of any type. Defendant further understands and acknowledges that by giving up this right, defendant will never have another opportunity to have the evidence in this case, whether or not listed above, submitted for DNA testing, or to employ the results of DNA testing to support a claim that defendant is innocent of the offense to which defendant is pleading guilty.

SENTENCING FACTORS

13. Defendant understands that the Court is required to consider the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") among other factors in determining defendant's sentence. Defendant understands that the Sentencing Guidelines are only advisory, and that after considering the

Sentencing Guidelines, the Court may be free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crimes of conviction.

14. Defendant and the USAO agree and stipulate to the following applicable sentencing guideline factors:

| | | | |
|---|---|---|---|
| Base Offense Level | : | 8 | [U.S.S.G. § 2B5.3(a)] |
| Specific Offense Characteristics | | | [U.S.S.G. §§ 2B5.3(b)(1)(B) & 2B1.1(b)(1)(H) & (I)] |
| Infringement Amount | : | +14 | |
| Adjustments: | | | |
| Acceptance of Responsibility | : | -3 | [U.S.S.G. § 3E1.1] |
| Booker Variance Based Upon Family Circumstances | : | -2 | 18 U.S.C. § 3553(a) |
| | | 17 | |

Defendant reserves the right to argue for a reduction for Mitigating Role pursuant to U.S.S.G. § 3B1.2. The USAO reserves the right to argue for an increase of two levels for an offense involving importation pursuant to U.S.S.G. § 2B5.3(b)(3)(A). The USAO will agree to a downward adjustment for acceptance of responsibility (and, if applicable, move for an additional level under § 3E1.1(b) only if the conditions set forth in paragraph 18) are met. Subject to these express reservations and paragraph 17, defendant and the USAO agree not to seek, argue, or suggest in any way, either orally or in writing, that any other specific offense characteristics, adjustments or departures, from either the applicable Offense Level or Criminal History Category, be imposed. If, however, after signing this agreement but prior to

sentencing, defendant were to commit an act, or the USAO were to discover a previously undiscovered act committed by defendant prior to signing this agreement, which act, in the judgment of the USAO, constituted obstruction of justice within the meaning of U.S.S.G. § 3C1.1, the USAO would be free to seek the enhancement set forth in that section.

15. There is no agreement as to defendant's criminal history or criminal history category.

16. Defendant and the USAO, pursuant to the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7), further reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines.

17. The stipulations in this agreement do not bind either the United States Probation Office or the Court. Both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, (b) correct any and all factual misstatements relating to the calculation of the sentence, and (c) argue on appeal and collateral review that the Court's sentencing guidelines calculations are not error, although each party agrees to maintain its view that the calculations in paragraph 14 are consistent with the facts of this case.

### DEFENDANT'S OBLIGATIONS

18. Defendant agrees that he or she will:

    a) Plead guilty as set forth in this agreement.

    b) Not knowingly and willfully fail to abide by all sentencing stipulations contained in this agreement.

  c) Not knowingly and willfully fail to: (i) appear as ordered for all court appearances, (ii) surrender as ordered for service of sentence, (iii) obey all conditions of any bond, and (iv) obey any other ongoing court order in this matter.

  d) Not commit any crime; however, offenses which would be excluded for sentencing purposes under U.S.S.G. § 4A1.2(c) are not within the scope of this agreement.

  e) Not knowingly and willfully fail to be truthful at all times with Pretrial Services, the U.S. Probation Office, and the Court.

  f) Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay.

<u>THE USAO'S OBLIGATIONS</u>

19. If defendant complies fully with all defendant's obligations under this agreement, the USAO agrees:

  a) To abide by all sentencing stipulations contained in this agreement.

  b) At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offenses up to and including the time of sentencing, to recommend a two-level reduction in the applicable sentencing guideline offense level, pursuant to U.S.S.G. § 3E1.1, and to recommend and, if necessary, move for an additional one-level reduction if available under that section.

  c) To recommend that defendant be sentenced at the low end of the applicable Sentencing Guidelines range with respect to incarceration provided that the total offense level as calculated

by the Court is 19 or higher and provided that the Court does not depart downward in offense level or criminal history category.

BREACH OF AGREEMENT

20.  If defendant, at any time between the execution of this agreement and the completion of defendant's cooperation pursuant to the agreement or defendant's sentencing on a non-custodial sentence or surrender for service on a custodial sentence, whichever is later, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  For example, if the defendant knowingly in an interview, before a grand jury, or at trial, falsely accuses another person of criminal conduct or falsely minimizes his own role, or the role of another, in criminal conduct, he will have breached this agreement.  If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, defendant will not be able to withdraw defendant's guilty plea, and the USAO will be relieved of all of its obligations under this agreement.  In particular:

   a)  The USAO will no longer be bound by any agreements concerning sentencing and will be free to seek any sentence up to the statutory maximum for the crime to which defendant has pleaded guilty.

   b)  The USAO will no longer be bound by any agreements regarding criminal prosecution, and will be free to prosecute defendant for any crime, including charges that the USAO would otherwise have been obligated not to prosecute pursuant to this agreement.

        c)    The USAO will be free to prosecute defendant for false statement, obstruction of justice, and perjury based on any knowingly false or misleading statement by defendant.

        d)    The USAO will no longer be bound by any agreement regarding the use of statements, documents, records, tangible evidence, or information provided by defendant, and will be free to use any of those in any way in any investigation, prosecution, or civil or administrative action. Defendant will not be able to assert either (1) that those statements, documents, records, tangible evidence, or information were obtained in violation of the Fifth Amendment privilege against compelled self-incrimination, or (2) any claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that statements, documents, records, tangible evidence, or information provided by defendant before or after the signing of this agreement, or any leads derived therefrom, should be inadmissible.

21. Following a knowing and willful breach of this agreement by defendant, should the USAO elect to pursue any charge that was dismissed or not filed as a result of this agreement, then:

        a) Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the commencement of any such prosecution or action.

        b) Defendant gives up all defenses based on the statute of limitations, any claim of preindictment delay, or any speedy

trial claim with respect to any such prosecution, except to the extent that such defenses existed as of the date of defendant's signing of this agreement.

LIMITED MUTUAL WAIVER OF APPEAL AND COLLATERAL ATTACK

22. Defendant gives up the right to appeal any sentence imposed by the Court, including any order of restitution, and the manner in which the sentence is determined, provided that (a) the sentence is within the statutory maximum specified above and is constitutional, (b) the Court in determining the applicable guideline range does not depart upward in offense level or criminal history category and determines that the total offense level is ~~28~~ 19 [handwritten, initialed NA] or below, and (c) the Court imposes a sentence within or below the range corresponding to the determined total offense level and criminal history category. Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, including any order of restitution, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or a explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Notwithstanding the foregoing, defendant retains the ability to appeal the conditions of supervised release imposed by the court, with the exception of the following: standard conditions set forth in district court General Orders 318 and 01-05; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

23. The USAO gives up its right to appeal the Court's sentence, provided that (a) the Court in determining the applicable guideline range does not depart downward in offense level or criminal history category, (b) the Court determines that the total offense level is 17 or above, and (c) the Court imposes a sentence within or above the range corresponding to the determined total offense level and criminal history category.

### COURT NOT A PARTY

24. The Court is not a party to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' stipulations. Even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from any stipulation, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. No one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

### NO ADDITIONAL AGREEMENTS

25. Except as set forth herein, there are no promises, understandings or agreements between the USAO and defendant or defendant's counsel. Nor may any additional agreement, understanding or condition be entered into unless in a writing signed by all parties or on the record in court.

<u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

26.  The parties agree and stipulate that this Agreement will be considered part of the record of defendant's guilty plea hearing as if the entire Agreement had been read into the record of the proceeding.

This agreement is effective upon signature by defendant and an Assistant United States Attorney.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

GEORGE S. CARDONA
Acting United States Attorney

_/s/ [signature]_____        _9-17-09_____
WESLEY L. HSU                            Date
Assistant United States Attorney
Chief, Cyber and Intellectual
Property Crimes Section

This agreement has been read to me in Mandarin Chinese, the language I understand best, and I have carefully discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms.  My attorney has advised me of my rights, of possible defenses, of the Sentencing Guideline provisions, and of the consequences of entering into this agreement.  No promises or inducements have been made to me other than those contained in this agreement.  No one has threatened or forced me in any way to enter into this

///
///
///
///

agreement.  Finally, I am satisfied with the representation of my attorney in this matter.

_____LI YONGCAI_____     _____9-17-09_____
YONGCAI LI                                    Date
Defendant

I, _Caroline Lee_, am fluent in written and spoken English and Mandarin Chinese languages.  I accurately translated this entire agreement from English into Mandarin Chinese to defendant Yongcai Lion this date.

_____C. Lee_____     _____9/17/09_____
                                              Date
Interpreter

I am Yongcai Li' attorney.  I have carefully discussed every part of this agreement with my client.  Further, I have fully advised my client of his rights, of possible defenses, of the Sentencing Guidelines' provisions, and of the consequences of entering into this agreement.  To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

_____R. Darren Cornforth_____     _____9-17-09_____
R. DARREN CORNFORTH                           Date
Counsel for Defendant
Yongcai Li

16