GEORGE S. CARDONA
Acting United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
WESLEY L. HSU (CA Bar No. 188015)
Assistant United States Attorney
Chief, Cyber and Intellectual Property Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-3045
     Facsimile: (213) 894-8601
     email:    Wesley.hsu@usdoj.gov

Attorney for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) CR No. 09-67-SJO |
|---|---|
| Plaintiff, | ) GOVERNMENT'S SENTENCING<br>) POSITION; EXHIBIT |
| v. | ) |
| YONGCAI LI, | ) Sent. Date:   Jan. 25, 2010<br>) Sent. Time:   9:00 a.m. |
| Defendant. | ) |

**I.**

**INTRODUCTION**

The government concurs in the United States Sentencing Guidelines ("USSG") offense level and Criminal History calculations contained in the Presentence Report ("PSR") for defendant Yongcai Li ("defendant"). Specifically, the government concurs in the PSR's total offense level of 21, calculated from a base offense level of 8 pursuant to USSG § 2B5.3(a), an increase of +14 based on an infringement amount of between $400,000 and $1,000,000 pursuant to USSG §§ 2B5.3(b)(1)(B) and 2B1.1(b)(1)(H), an increase of +2 based on importation pursuant to USSG § 2B5.3(b)(3), and a reduction of -3 levels based upon acceptance of responsibility pursuant to USSG § 3E1.1.  (See PSR ¶¶ 18-28). The government also concurs in the PSR's calculation of defendant's criminal history category of I based on the absence of any criminal history.

The government also stipulates to a variance of the equivalent of two levels from the resulting Guidelines range on the basis of defendant's family circumstances and particular hardship.  This would result in an advisory Guidelines range of 30-37 months.

Finally, pursuant to the factors set forth in 18 U.S.C. § 3553(a), the government respectfully requests that the Court impose a sentence at the low-end of this range, or 30 months. This sentence would be sufficient but not greater than necessary to satisfy all of the Section 3553(a) factors.

## II.

## A SENTENCE OF 30 MONTHS IS SUFFICIENT BUT NOT GREATER THAN NECESSARY PUNISHMENT

Thirty months imprisonment followed by a three year term of supervised release is a sentence sufficient but not greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a). With respect to the nature and circumstances of the offense pursuant to Section 3553(a)(1), the government submits that defendant's intellectual property offense warrants punishment. Defendant caused hundreds of thousands of dollars worth of counterfeit Cisco equipment to be exported to buyers in the United States. (PSR ¶¶ 13-26). Defendant was cognizant of circumventing Customs and Border Protection in order to get the counterfeit into the United States. (See PSR ¶ 21). The conduct occurred over a long period of time. (PSR ¶ 19). The nature and circumstances of the offense are aggravating.

Second, with respect to the history and characteristics of defendant pursuant to Section 3553(a)(1), defendant's lack of criminal history is a mitigating factor. (PSR ¶ 46). Furthermore, defendant's separation from his wife and three children in China and his role as the family's sole provider are mitigating circumstances. (PSR ¶ 55).

Third, Section 3553(a)(7) requires the Court to consider restitution when imposing sentence. It is unlikely that restitution will be collected in this case because defendant will be deported at the conclusion of his sentence.

Fourth, a sentence of 30 months imprisonment would not create unwarranted sentencing disparity between similarly

2

defendants as prohibited by Section 3553(a)(6). There have been a number of other sentencings in this district for trafficking in counterfeit Cisco products. Imposing a sentence of 30 months in this case is consistent with those sentencings, even though it would be the highest sentence of the group.

At the outset, it is worth noting that defendant did not provide substantial assistance to the government. This makes defendant different from many of the Cisco defendants.

In United States v. Arthur Hess, CR No. 07-1199-ODW, and United States v. Curt Hess, CR No. 08-92-ODW, for example, the Court imposed sentences of 21 months upon each brother for their role in operating a business that imported and sold counterfeit Cisco products. Defendant, by comparison, was the supplier for multiple companies in the position of the Hess brothers' company. A sentence in this case of 30 months is appropriate in light of the sentences imposed in the Hess cases.

In United States v. Gavin, CR No. 08-138-AHM, the Court sentenced John Gavin to six months in prison, a sentence two months below the low-end of the Guideline range as determined by the Court (and the government concurred in that Guideline range, although it recommended eight months in prison). Therefore, applying a sentence just below the advisory Guidelines range sentence here would be consistent with the Gavin case.

In United States v. Brown and Mudrinich, No. 07-93-ER, the Court sentenced defendant Douglas Brown to five months in prison and defendant Michael Mudrinich to time-served (about one month in prison). As the plea agreements for both defendants attest, however, the defendants there were held responsible for an

3

infringement amount of between $5,000-$10,000 for their sale of counterfeit Cisco products (and Mudrinich also received a reduction for having more than a minor role). Defendant, here, by contrast, is responsible for an infringement amount of more than $400,000, and he has not carried his burden of establishing that he had a minor role in the offense (see PSR ¶ 38).

In a number of cases, the Court has imposed a sentence of probation, but none of those defendants is similarly situated to defendant. For example, in United States v. Van Dyke, CR No. 08-92-ODW, the Court sentenced defendant Van Dyke to probation, but the infringement value in that case was $0, the defendant played a minor role in the offense (as an employee of Two Hess' Technologies), the probationary sentence was within the Guideline range, and the parties, Probation Office, and Court all agreed that probation was appropriate. Similarly, in United States v. Balazs, CR No. 08-525-AHM, the Court sentenced defendant Alex Balazs to probation. Although the plea agreement in that matter is under seal, the infringement amount attributable to Balazs was significantly less than for defendant, and Balazs had a minor role in the offense. The Probation Office recommended a sentence of probation, which defendant agreed with, the government did not oppose, and the Court imposed.[1] In United States v. Malhamme, CR No. 08-748-MMM, the Court sentenced Tommy Malhamme to probation. Although the plea agreement in that case remains under seal, the

---

[1] Balazs' guideline range was 6-12 months in prison which, under the Guidelines, permitted a sentence of probation with home detention. There was no dispute that probation without home detention was appropriate in that case as a matter of discretion under Section 3553(a).

1  government notes the infringement amount attributable to Malhamme
2  was very little, the probationary sentence was within Malhamme's
3  Guideline range, and the parties, Probation Office, and Court all
4  agreed that probation was the appropriate sentence.
5      In addition to these Central District of California cases,
6  Cisco has previously provided the government with a spreadsheet
7  of the sentences of other defendants throughout the nation.
8  (Exhibit A).  A 30 month sentence in this case would not create
9  unwarranted sentencing disparity with those cases either.
10                              **III.**
11                           **CONCLUSION**
12      For the foregoing reasons, the government respectfully
13  requests that the Court adopt the Sentencing Guidelines
14  calculation in the Presentence Report, grant the anticipated
15  defense request for a two-level downward variance from the
16  advisory Guidelines range, and sentence defendant to 30
17  ///
18  ///
19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

1  months imprisonment--the low-end of the resulting Guidelines
2  range.[2]
3
4  DATED: January 4, 2010           Respectfully submitted,

5                                   GEORGE S. CARDONA
                                    Acting United States Attorney

6                                   CHRISTINE C. EWELL
                                    Assistant United States Attorney
7                                   Chief, Criminal Division

8
                                    _____/s/_____
9                                   WESLEY L. HSU
                                    Assistant United States Attorney
10                                  Chief, Cyber and Intellectual
                                    Property Crimes Section
11
                                    Attorneys for Plaintiff
12                                  UNITED STATES OF AMERICA

---

[2]  Defendant has not yet filed a sentencing position.  The government requests leave to file a response to defendant's sentencing position.

6

## CERTIFICATE OF SERVICE

I, **SUSAN M. CRUZ**, declare:

That I am a citizen of the United States and resident or employed in Los Angeles County, California; that my business address is the Office of United States Attorney, United States Courthouse, 312 North Spring Street, Los Angeles, California 90012; that I am over the age of eighteen years, and am not a party to the above-entitled action;

That I am employed by the United States Attorney for the Central District of California who is a member of the Bar of the United States District Court for the Central District of California, at whose direction I served a copy of: **GOVERNMENT'S SENTENCING POSITION**

**service was:**

[XX] Placed in a closed envelope, for collection and interoffice delivery addressed as follows:

[] Placed in a sealed envelope for collection and mailing via United States Mail, addressed as follows:

[] By hand delivery addressed as follows:

[] By facsimile as follows:

[] By messenger as follows:

[] By federal express as follows:

**U.S. PROBATION OFFICE**
**ATTN: EUNICE HABIG**
**6TH FLOOR**

This Certificate is executed on **January 4, 2010**, at Los Angeles, California.

I certify under penalty of perjury that the foregoing is true and correct.

_____
SUSAN M. CRUZ